MICHAEL B. HORROW (SBN 162917)
SCOTT E. CALVERT (SBN 210787)
DONAHUE & HORROW, LLP
1960 E. Grand Avenue, Suite 1215
El Segundo, California 90245
Telephone: (310) 322-0300
Facsimile: (310) 322-0302
Email: mhorrow@donahuehorrow.com
Email: scalvert@donahuehorrow.com

Attorneys for Plaintiff LILLY MILLER

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILLY MILLER,<br><br>    Plaintiff,<br><br>vs.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA; GLOBAL PARATRANSIT INC. GROUP ACCIDENTAL DEATH & DISMEMBERMENT PLAN,<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT FOR BENEFITS UNDER A GROUP EMPLOYEE BENEFIT PLAN** |

Plaintiff alleges as follows:

1.  This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1337 and 29 U.S.C.§ 1132(a), (e), (f) and (g), of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1101, *et seq*. (hereafter "ERISA") as it involves a claim by Plaintiff for Accidental Death and Dismemberment benefits under an employee benefit plan regulated and governed under ERISA.  Jurisdiction is predicated under 28 U.S.C. §1331 and 29 U.S.C. §1101, *et seq* as this action involves a federal question.

– 1 –

2. The events or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to 28 U.S.C. § 1391(b)(2), 29 U.S.C. §1132(e)(2), and the ends of justice so require.

3. The ERISA statute at 29 U.S.C. § 1133, in accordance with Regulations of the Secretary of Labor, provides a mechanism for internal appeal of benefit denials. Those avenues of appeal have been exhausted.

4. Plaintiff is informed and believes and thereon alleges that Defendant GLOBAL PARATRANSIT INC. GROUP ACCIDENTAL DEATH & DISMEMBERMENT PLAN ( the "PLAN") is an employee welfare benefit plan established and maintained by Global Paratransit Inc., a Los Angeles County-based California corporation, to provide its employees with protection in the event of an accidental death or dismemberment, and is the Plan Administrator.

5. The true names or capacities, whether individual, corporate, associate, or otherwise, of Defendants, DOES 1 through 10, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and on such information and belief alleges that each of the Defendants sued herein as a DOE is legally responsible in some manner for the events and happenings referred to herein, and will ask leave of this court to amend this complaint to insert their true names and capacities in place and instead of the fictitious names when the same become known to Plaintiff.

6. Plaintiff alleges upon information and belief that Defendant UNUM LIFE INSURANCE COMPANY OF AMERICA ("UNUM"), is, and at all relevant times was, a corporation duly organized and existing under and by virtue of the laws of the State of Maine and authorized to transact and transacting the business of insurance in this state.

7. Plaintiff LILLY MILLER was at all relevant times a resident and citizen of the State of California. Her son, decedent Ali Miller, was an employee of Global Paratransit Inc. .and a participant in the PLAN. Plaintiff was Ali Miller's

– 2 –
COMPLAINT FOR BENEFITS UNDER A GROUP EMPLOYEE BENEFIT PLAN

named beneficiary in the Plan.

8. UNUM issued Group Accidental Death and Dismemberment Policy Number R0375139 to Global Paratransit Inc. and the eligible participants and beneficiaries of the PLAN.

9. The Policy provides for Accidental Death and Dismemberment benefits in the event of the death of eligible participants, including Ali Miller.

10. The Policy promises that "[t]his accidental death and dismemberment insurance plan provides financial protection for your beneficiary(ies) by paying a benefit in the event of your death or for you in the event of any other covered loss."

11. In a section entitled "WHAT ACCIDENTAL LOSSES ARE NOT COVERED UNDER YOUR PLAN?" the Plan states, in pertinent part that:

> Your plan does not cover any accidental losses caused by, contributed to by, or resulting from:
>
> - an attempt to commit or commission of a crime.

12. On or about July 19, 2019, decedent Ali Miller tragically died as a result of injuries sustained in a motorcycle accident in Los Angeles County.

13. The cause of death was "blunt trauma" due to the injuries sustained in the motorcycle accident. The autopsy report confirmed there was no drugs or alcohol in Mr. Miller's system at the time of the accident. The police report noted that an automobile turned left into an intersection and struck Mr. Miller's motorcycle. The driver of the automobile was in violation of California Vehicle Code 21810(a) (failure to yield right of away while turning). Mr. Miller was ejected from his motorcycle.

14. On or about October 24, 2019, Plaintiff filed a claim for Accidental Death and Dismemberment benefits with UNUM under the Plan.

15. By letter dated January 17, 2020, Unum informed Plaintiff that it was denying her claim for Accidental Death and Dismemberment benefits under the Plan

following the death of her son. UNUM stated that because the decedent was "driving at a speed greater than the posted speed limit … he was in violation of a California Vehicle Code [section] which is considered a crime in the state of California," and therefore Plaintiff's claim was barred by the Plan's above-listed crime exclusion.

16. Plaintiff, through counsel, timely appealed UNUM's denial decision by letter dated November 4, 2020.

17. In the letter, Plaintiff explained that UNUM's decision was improper because, even if the decedent was speeding at the time of the accident, that would have amounted to a traffic infraction – not a criminal charge. Plaintiff also provided UNUM with a copy of its own Benefits Center Claims Manual, which explained that when administering a crime exclusion the "'attempt to commit' or 'commission' policy language was not intended to apply to activities which would generally be classified as traffic violations."

18. Plaintiff also noted that UNUM carried the burden of proving the exclusion applied decedent's death and that under an almost identical fact pattern, in *Boyer v Schneider Electric Holdings, Inc. Life and Accident Plan and Unum Life Insurance Company*, 350 F.Supp.3d 854 (W.D. Mo. 2018), the Court ruled against UNUM after concluding that the attempt to apply crime exclusion provisions to traffic violations was inconsistent with the goal of the policy and overall fiduciary ERISA goals.

19. In further support of the appeal, on November 19, 2020, Plaintiff provided UNUM with an accident reconstruction expert report, which stated that regardless of his rate of speed prior to the accident, the decedent's operation of the motorcycle did not substantially contribute to the accident. Rather, the driver who made the dangerous left turn in front of Mr. Miller – in failing to yield the right of way to the approaching motorcycle – substantially contributed to the accident.

20. On or about January 11, 2021, UNUM denied Plaintiff's appeal and affirmed the prior denial of the claim.

21. Plaintiff's administrative remedies have been exhausted and she has the right to bring a civil action under section 502(a) of ERISA following an adverse benefit determination on review.

22. As a direct and proximate result of the Defendant UNUM's denial of Plaintiff's claim, she has been deprived of her benefits due under the PLAN.

23. As a further direct and proximate result of the denial of benefits, Plaintiff has been required to incur attorneys' fees to pursue this action, and is entitled to have such fees paid by Defendants pursuant to 29 U.S.C. § 1132(g) (1), ERISA § 502(g) (1).

24. A controversy now exists between the parties as to whether Plaintiff is entitled to benefits under the PLAN. Plaintiff seeks the declaration of this Court that she is entitled to benefits from the PLAN.

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. An award of benefits as provided by the Plan, together with interest at the legal rate from the date it became due until the date it is paid;

2. For costs and reasonable attorneys' fees incurred in this action; and,

3. For such other and further relief as the Court deems just and proper.

DATED: January 26, 2021

DONAHUE & HORROW, LLP

MICHAEL B. HORROW
SCOTT E. CALVERT
*Attorneys for Plaintiff*

COMPLAINT FOR BENEFITS UNDER A GROUP EMPLOYEE BENEFIT PLAN